UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OCIE HOSKINS, JR., #75124                                                                                  PLAINTIFF

VERSUS                                                               CIVIL ACTION NO.  3:14-cv-106-CWR-FKB

OFFICER "UNKNOWN" SHANNO                                                                        DEFENDANT

MEMORANDUM OPINION

Plaintiff, an inmate of the Central Mississippi Correctional Facility, Pearl, Mississippi, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on February 7, 2014.  On February 25, 2014, an Order [7] was entered directing Plaintiff to file a signed Motion to Proceed *In Forma Pauperis* on or before March 19, 2014.  Plaintiff was warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of the Court could result in the dismissal of this case.  Plaintiff failed to comply with that Order.

The Court then entered an Order [8] to Show Cause on April 4, 2014.  The Plaintiff was directed to comply with the Court's Order by filing his signed Motion to Proceed *In Forma Pauperis*, on or before April 22, 2014.  The Show Cause Order warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order could lead to the dismissal of his Complaint.  Once again, the Plaintiff failed to comply or communicate with the Court concerning the Order [8].

Because Plaintiff is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case.  On May 7, 2014, a Second and Final Order [9] to Show Cause  was entered in this case.  Plaintiff was directed to show cause, on or before May 22, 2014, why this case should not be dismissed for his failure to comply

with the Court's Orders [7 & 8] of February 25, 2014, and April 4, 2014.  In addition, Plaintiff was directed to comply with the previous Orders [7 & 8] by filing his response on or before May 22, 2014.  The Second and Final Order [9] to Show Cause warned Plaintiff that failure to keep the Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint without further notice.  Plaintiff has not complied with the Order of the Court.

The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

Plaintiff has failed to comply with three court orders [7, 8 & 9].  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).  The Court, therefore, concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendant has not been called on to

respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

This the 11th day of June, 2014.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE